refused. The affidavit stated the claim to be upon a policy of insurance, claiming a total loss to the amount of $275,000.

In Poucher *a.* Livingston (2 *Wend.*, 296), it was said to be an extraordinary case, and the order was refused.

In Patchin *a.* Sands (10 *Wend.*, 570), it is held that a struck jury is never granted except in extreme cases.

Nesmith *a.* Atlantic Ins. Co. (8 *Abbotts' Pr.*, 423), if I remember accurately, was a case in which the jury had disagreed upon at least two trials; the claim was large, and difficult questions of law and of fact were involved, and Judge Pierrepont refused the order.

The case of Giles *a.* Flagg was important: of great public interest.

It will be observed that many of the cases cited, in which the rule was refused, were on policies of maritime insurance, under claims for total loss, and it is not unjust to assume that every question of defence arose which can arise in the present action.

The motion is denied, with ten dollars costs, to be paid by the defendants to the plaintiff or his attorneys.

---

## KISSAM *a.* BARCLAY.

*Supreme Court, First District; General Term, February,* 1864.

LANDLORD AND TENANT.—OWNERSHIP OF BUILDINGS AND FIXTURES.—WIDENING STREET.

Buildings and fixtures erected by a tenant become real estate, and are governed by the laws which regulate land descending to the heir as part of the inheritance, or passing by deed as part of the freehold, in all cases except where a right of removal has been reserved, or where the buildings and fixtures were erected for the purposes of trade.

This rule applied against the mortgagees of a tenant, claiming the damages which had been awarded to the owner of the freehold, on a demolition of the building as a street improvement.

The failure of the tenant, in such case, to pay rent and perform the covenants of a lease,—*Held,* a bar to the action.

Appeal from a judgment.

Kissam *a.* Barclay.

This action was brought by William H. Kissam and Daniel Holsman, Trustees, &c., against James Barclay, Trustee, &c., and the Mayor, &c., of New York. The cause of action was on behalf of the mortgagee of a lease, against the reversioner, for a portion of the award made for damage to the house erected by the lessee on the property, on the widening of a street. The facts were as follows.

Daniel Holsman, the original lessor, leased the property No. 122 Anthony (or Worth) street, New York city, to Elizabeth Costello for twenty-one years, at the annual rent of $175; with covenant that the tenant should pay all taxes, duties, and assessments, ordinary and extraordinary, except the assessment for filling in, regulating, and paving the street; and that in case of any award to the lessor for damage on widening the street, seven per cent. interest thereon should be deducted thenceforth from the tenant's rent. Elizabeth Costello entered on said lot, and erected thereon a three-story brick building. Afterwards she mortgaged her lease to the guardian of Mr. Holsman's infant children (he having died, in the mean time, intestate) for $400. On a partition of his estate, the lot in question was assigned to Mrs. Barclay, one of his daughters, and wife of Clement B. Barclay, and vested in the defendant, James Barclay, as her trustee. The mortgage was assigned to the plaintiffs, the trustees of another daughter of Mrs. Wetmore. In 1860 the street was widened, and the commissioners allotted $2,400 to the defendant for damages (which included $1,000 for damages to the house), and assessed him $1,100 for benefit; they also apportioned Mrs. Costello's rent, by deducting therefrom seven per cent. on the amount of the award, reducing it thereby to $10.80. The assessment was confirmed September 27, 1860. One month afterwards, the defendant Barclay dispossessed Mrs. Costello for non-payment of rent, and took possession of the building. The plaintiff brought this action to enjoin the defendant Barclay from receiving any portion of the $1,000 awarded for damage to the house until their mortgage was paid, and to compel the payment of their mortgage and interest out of the same.

The money in question was subsequently paid into court, and the action went to trial between the plaintiffs and the defendant Barclay, and was decided in favor of the defendant, the following opinion being written.

Kissam *a.* Barclay.

CLERKE, J.—Although the house, of which the commissioners cut off a part in widening Worth-street, was erected by Mrs. Costello, yet this gave her no further right to it, as a part of the realty, than the mere use of it during the continuance of her lease, which expired in 1861, without any right of renewal. The commissioners could not, therefore, have allowed her any thing for any injury to the building itself, but only a compensation for her diminished use of it: the building she had no right to remove on the expiration of the lease—it became, I repeat, a part of the realty; and in the lease, no right of removal was reserved.

The cases referred to by the plaintiffs' counsel are cases where the right of removal was reserved, or where the buildings and fixtures were erected by a tenant for the purposes of trade. In all other instances, erections of every kind become real estate, and are governed by the law which regulates land descending to the heir as a part of the inheritance, and passing by deed as a part of the freehold. Mrs. Costello was compensated by the commissioner in the only way in which she was entitled to be compensated, by a reduction of her rent to the extent of seven per cent. on the amount awarded to the defendant, an arrangement which the lease itself had contemplated. This is a sufficient answer to the plaintiffs' claim; but as they would not, under any circumstances, be entitled to any thing more than what their mortgagor would have been entitled to, and as she evidently would be entitled to no redress under this lease until she had performed her covenants, on this ground also they would necessarily fail in this action. She neglected to perform her covenants to a considerable extent in not paying taxes and assessments; and before she could have sought equity, she should have done equity.

From the judgment entered in conformity with this opinion and decision, the plaintiffs appealed.

*Benjamin T. Kissam*, for the appellants.—I. The building having been erected by Mrs. Costello, upon the lot of land demised, for trade, business, and a profitable use of the premises, did not become a part of the realty, but continued personal estate, and the lessee had full right to remove it. (*Taylor's*

*Landl. & Ten.*, 3 ed., §§ 544–546; Holmes *a.* Tremper, 20 *Johns.*, 29; Miller *a.* Plumb, 6 *Cow.*, 665; Mott *a.* Palmer (1 *N. Y.*) 1 *Comst.*, 564; Dubois *a.* Kelly, 10 *Barb.*, 496; Van Ness *a.* Packard, 2 *Pet.*, 137, 144; Moore *a.* Wood, 12 *Abbotts' Pr.*, 393; Kelsey *a.* Durkee, 33 *Barb.*, 410.)

II. The improvements, belonging to Costello's representatives, were subject to the lien of the plaintiff's mortgage. The money awarded became a substitute for the property taken. (Astor *a.* Miller, 2 *Paige*, 68, 76.)

III. No matter to whom the damages may be awarded, the person to whom they of right belong may sue for and recover the same. (2 *Laws of* 1813, 418, ch. 86, § 184; Coutant *a.* Catlin, 2 *Sandf. Ch.*, 485.)

IV. The plaintiffs' rights have not been altered by turning the property into money. (Astor *a.* Miller, 2 *Paige*, 68, 76; Astor *a.* Hoyt, 5 *Wend.*, 603, 612, 618.) The plaintiffs' mortgage has been a lien since August, 1842, and they are entitled to judgment for the same. (2 *Laws of* 1813, 418, ch. 86, § 184; Coutant *a.* Catlin, 2 *Sandf. Ch.*, 485; Ombony *a.* Jones, 19 *N. Y.*, 234.)

*John Pyne*, for the respondent.—I. Buildings erected by the lessee become the property of the reversioner, and no person, not even the tenant, has the right to remove them. (Abeel *a.* Radcliff, 15 *Johns.*, 505; Fisher *a.* Saffer, 1 *E. D. Smith*, 611; Snediker *a.* Warring, 12 *N. Y.* (2 *Kern.*), 170; Smith *a.* Benson, 1 *Hill*, 176; *Amos and Ferrard on Fixtures*, 2, 9; *Toml. Law Dict., tit. Fixtures*; Goodrich *a.* Jones, 2 *Hill*, 142; Buckley *a.* Buckley, 11 *Barb.*, 43, 61.) Even were they removable, the right ceased on the determination of the lease. (*Amos and Ferrard on Fixtures*, 87; Lyde *a.* Russell, 1 *Barn. & Ad.*, 394; Weston *a.* Woodcock, 7 *M. & W.*, 14; Gaffield *a.* Hapgood, 17 *Pick.*, 192; Poole's Case, 1 *Salk.*, 368).

II. The plaintiffs can under no circumstances be entitled to a greater interest than that of their mortgagor. (1 *Rev. Stat.*, 739, § 143.)

III. Money to arise from possible future assessments is not covered by the ordinary form of a present mortgage. Even rents are not carried by it. A mortgagee has no interest before foreclosure. (Bank of Ogdensburgh *a.* Arnold, 5 *Paige*, 38; Morris *a.* Mowatt, 2 *Ib.*, 586.)

IV. If the mortgagees had any right to the sum awarded (which they have not), they should show payment under covenant in lease, or at least readiness to pay the rent, taxes, and assessment for benefit. (Astor a. Hoyt, 5 *Wend.*, 603 ; Trinity Church a. Cook, 11 *Abbotts' Pr.*, 371 ; S. C., 21 *How. Pr.*, 89 ; Post a. Kearney, 2 *N. Y.* (2 *Comst.*), 394 ; Dean & Chapter of Windsor a. Hyde, 5 *Rep.*, 24 ; Laws of 1842, 293, ch. 240, § 1.)

V. The assessment having been confirmed, the court cannot take notice of or rectify any error. (Matter of Anthony-street, 20 *Wend.*, 618 ; Wiggin a. Mayor, &c., of N. York, 9 *Paige*, 16.)

The court (LEONARD, CLERKE, and SUTHERLAND, JJ.) affirmed the judgment. No opinion was written.

---

# THE STATE BANK OF TROY a. THE BANK OF THE CAPITOL.

*Supreme Court, Third District; General Term, December,* 1863.

BILLS AND NOTES.—LIABILITY OF COLLECTING BANK.—PRESUMPTION.—MEASURE OF DAMAGES.

The duty and obligation of banks, acting as agents for the collection of negotiable paper, in respect to notifying indorsers, stated.

*It seems,* that a bank to whom negotiable paper is delivered for collection merely, discharge their duty by a proper demand of payment, and by giving notice of non-payment to their principal, without giving the proper notice also to other indorsers, unless some contract or commercial usage be shown to raise a more extended obligation.

The plaintiffs, a bank employed to collect a draft, sent it to the defendants, their local correspondents at the place of payment, for collection ; and the latter, upon its dishonor, returned notice thereof to the former, with notices also addressed to each of the prior indorsers. These notices were by the plaintiffs forwarded to their respective addresses ; but the one addressed to the only solvent indorser contained a clerical error, upon the ground of which he successfully defended himself, when sued on his indorsement, and recovered judgment for costs against the holder of the draft. The latter then sued the plaintiffs in this action for their negligence in the agency, and recovered judgment for the amount of the draft, and for the costs of the first action. The plaintiffs now sued their sub-agents, who had prepared the erroneous notice, and recovered both the amount of the debt and the costs of the former actions.